## THE DEVONA.

(Circuit Court of Appeals, Second Circuit. December 24, 1926.)

No. 123.

1. Wharves ⬚19—Libelant has burden of proof of alleged agreement with steamship or her agent for wharfage and stevedoring.

Libelant, alleging an agreement with steamship, her captain, owners, and agents, for wharfage and stevedoring, has burden of proof by fair preponderance of credible testimony.

2. Wharves ⬚19—Pledging of ship's credit to pay for wharfage and stevedoring held not established.

Evidence held insufficient to establish agreement whereby credit of ship was pledged to pay for wharfage and stevedoring.

3. Admiralty ⬚112—Noncompliance with admiralty procedure rule 3 held to warrant rigorous application of rule 4 respecting general appeals.

Appellant's failure to comply with admiralty procedure rule 3, relating to appeals involving only one or more questions in a cause, held to warrant trial court in rigorously applying provisions of rule 4, respecting general appeals.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the Northern Stevedoring Company, Inc., against the steamship Devona, her engines, etc., the Williams Steamship Company, Inc., claimant, in which the C. H. Pattengill Corporation was impleaded. From a decree for libelant against the steamship, with recovery over against the Pattengill Corporation, claimant appeals. Decree reversed, and cause remanded, with directions to dismiss.

Suit is in rem against the Devona, a foreign vessel, for which Williams Steamship Company was the agent in New York, and, according to undisputed testimony, "managing agent for the ship all over the world." Williams chartered Devona to C. H. Pattengill Corporation, a concern said to be incorporated by New York, and certainly having its place of business in the borough of Manhattan. By this charter the duty of paying for wharfage, stowage of cargo, and the like was imposed upon Pattengill. There was no demise of the vessel, and Williams Company had at all times ample funds to cover the vessel's disbursements, and such funds were to the credit of the vessel.

Pattengill seems to have employed, or associated himself with, the Caravel Lines, for the purpose of collecting and loading cargo on Devona for the voyage covered by the charter.

This libel is to recover on the theory that the credit of the ship was pledged to pay for wharfage, contract stevedoring, etc., arising on the chartered voyage.

Williams Company claimed and answered on behalf of the owners and impleaded Pattengill. The latter concern defaulted; the court below gave a decree for libelant against Devona, with a right to recover over against Pattengill Corporation; claimant appealed.

Crowell & Rouse, of New York City (E. Curtis Rouse, of New York City, of counsel), for appellant.

Rorke & Kane, of New York City (George V. A. McCloskey, of New York City, of counsel), for appellee.

Before HOUGH, HAND, and MACK, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] Whether the demands of the libel were maritime liens at all is a question upon which it is unnecessary to pass. Let it be assumed that they may constitute liens; yet liens do not grow like weeds; they are the result of human action, and the libel accordingly alleges that "libelant entered into an agreement with the steamship Devona, her captain, owners, and agents," to furnish the wharfage and do the work in suit. This allegation was fully denied by the claimant; wherefore the burden of proving it by a fair preponderance of credible testimony was on libelant.

The story for the libel is this, as told by one interested witness:

Caravel Lines employed libelant through the witness (its president) to get a wharf, and the witness supposed, because an officer of Caravel Lines said so, that that concern was the ship's agent; while as to the stevedore charges, and the like, libelant was employed by the captain of Devona.

As to libelant's dealings with Caravel Lines, it is admitted that libelant made no inquiry and asked no questions; yet it had had dealings with Williams Company as ship's agent, had thus obtained employment on behalf of the ship, and had been paid by Williams as agent. The Caravel officer, whose assertion was the sole excuse for professing belief that Caravel had any authority in the premises, was not produced as a witness, nor was his absence accounted for; whereas two unimpeached witnesses testified that they told libelant's president that Williams was the ship's agent. As for the master, he denied the witness' story in toto.

We think it idle to dwell upon the law,

for it is obvious that libelant has no case for the application of law, unless the testimony of this single witness is worthy of belief.

[2] Having regard to the incredible nature of the man's testimony regarding the relation of Caravel Lines to the ship, it is impossible to say that libelant has sustained the allegations of the libel by a fair preponderance of credible testimony.

Therefore, because we do not believe this witness, the decree is reversed, and the cause remanded, with directions to dismiss the libel, with costs to appellant.

[3] NOTE.—The condition of the apostles in this case demands some notice. All the proceedings before the commissioner have been included; they constitute all but 140 pages out of a record of 434; yet no one has alluded to them in brief or argument.

It is, we think, obvious from the assignments of error that appellant had no intention of questioning anything that happened before the commissioner; what it did object to was that the commissioner ever had any work to do, for the libel should have been dismissed on hearing.

But we feel obliged to point out that, if appellant wished to avoid the unnecessary expense to which it has been subjected, the notice of appeal must be drawn in accordance with rule 3 in admiralty of this court. The appeal in this case was general, and the court below was at least excusable in applying rigorously the provisions of rule 4 in respect of general appeals.